UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LATISHA AMERICAN HORSE,<br><br>Defendant. | 5:25-CR-50203-CCT<br><br><br>**ORDER GRANTING APPEAL FROM MAGISTRATE JUDGE DECISION** |

Defendant Latisha American Horse is charged with one count of concealing person from arrest in violation of 18 U.S.C. § 1071. Docket 1. She is currently in custody pursuant to an order by Magistrate Judge Danetta Wollman revoking her bond and detaining her pending trial. Docket 18. American Horse does not dispute she violated the condition of release prohibiting her from having any contact with alleged victims, witnesses, or co-defendants in the case. *See* Docket 10 (order setting conditions of release). However, she appeals Magistrate Judge Wollman's order pursuant to 18 U.S.C. 3145(b), asserting that the decision to incarcerate her on that violation is unwarranted under all relevant circumstances. Docket 44.

A person "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C.A. § 3145(b). "The district court reviews a detention order entered by a magistrate judge *de novo*." *United States v. Jackson,* No. CR. 20-50006-JLV, 2021 WL 3419353, at *2–3 (D.S.D. Aug. 5,

1

2021) (citing *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*)). Therefore, the district court may consider grounds other than those considered by the magistrate judge. *Maull*, 773 F.3d at 1484. Indeed, the district court must make its own determination whether "release upon personal recognizance or an unsecured appearance bond will not reasonably assure appearance or will endanger the safety of others" and thereafter whether none of the conditions of 18 U.S.C. 3142 warrant pretrial release. *Id.* at 1483

    The Court has reviewed de novo the information in the record, including the government's motion for revocation of pretrial release, American Horse's bail report, the order of detention, and related hearings,[1] and audio recordings of three phone calls and text messages (Exhibit 1) between American Horse and Mason Neck, the person she is alleged to have harbored and concealed in this case. The Court has also reviewed text messages between Neck and presumably American Horse's family while the defendant was in custody (Exhibit 2).  On the same day Magistrate Judge Wollman ordered American Horse to be released pending trial, she blatantly violated a condition of release by calling Neck. She claimed she made the call only to tell him that she was not permitted to have further contact with him, but she does not dispute that the call lasted approximately 26 minutes. Even more troubling, she called Neck despite being specifically advised at the December 19 detention hearing that she is not to have direct or indirect contact with him.

---

[1] No transcripts have been prepared from the December 19, 2025 detention hearing or the December 23, 2025 revocation hearing. However, the Court has reviewed an audio recording for these hearings.

However, there is no evidence in the record that American Horse's discussion with Neck concerned the charges against her, testimony, or other prohibited matters. There is also no evidence that her immediate and flagrant violation of this particular condition of release makes her a serious risk of not appearing as required or of that she will endanger the safety of another person or the community while on pretrial release. American Horse has been a resident of South Dakota since 2003 and is the primary caretaker of her four children, and one child requires her full-time care. Also, she has no known prior violent history.

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc) (emphasis in original)). Based on a de novo review of the record, the Court determines that the government has not made the requisite showing. Therefore, the Court concludes that detention pending trial is not appropriate. In making this decision, the Court has considered:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial

3

>> resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial . . .; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Accordingly, it is

ORDERED that American Horse's appeal from the order revoking release and detaining defendant, Docket 18, is granted. It if further

ORDERED that American Horse be released, after processing, subject to the following conditions:

> (1) You shall not commit any offense in violation of federal, state, local, or tribal law while on release in this case.
>
> (2) You shall immediately advise pretrial services, the U.S. Attorney's Office and defense counsel in writing of any change in address or telephone number.
>
> (3) You shall maintain regular contact with your attorney and promptly respond to any inquiries from him.
>
> (4) You shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
>
> (5) You shall cooperate in the collection of a DNA sample as authorized by statute.
>
> (6) You shall not possess a firearm, destructive device, live ammunition, or other dangerous weapon.

(7) You shall report to Probation and Pretrial Services Office as directed.

(8) You shall obtain a substance abuse evaluation (to be scheduled within 30 days) and participate in a program of inpatient or outpatient treatment, therapy, or counseling as directed. Defendant shall provide the evaluation to the Court for filing under seal.

(9) You shall not use or unlawfully possess a narcotic drug, or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use, or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes).

(10) You shall not use alcohol and submit to any method of testing as directed by the Probation and Pretrial Services Office.

(11) You shall submit to testing for prohibited substances if required by the Probation and Pretrial Services Office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(12) You shall submit to a mental health evaluation (to be scheduled within 30 days) and participate in whatever treatment is deemed necessary by the evaluator, including taking all medication as prescribed.

(13) You shall not travel out of the district unless approved by the Probation and Pretrial Services Office.

(14) You shall not have any contact, direct or indirect, with alleged victim(s), witnesses, or co-defendant(s).

(15) You shall report as soon as possible to the Probation and Pretrial Services Office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stop.

Dated January 16, 2026.

                BY THE COURT:

                /s/ *Camela C. Theeler*
                CAMELA C. THEELER
                UNITED STATES DISTRICT JUDGE